**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG A. ALFORD | : | |
| | : | |
| Appellant | : | No. 2416 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 23, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000929-2020

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 9, 2025**

Craig A. Alford ("Alford") appeals from the judgment of sentence imposed following his convictions for persons not to possess firearms and concealed firearms not to be carried without a license.[1]  Following a remand from the Pennsylvania Supreme Court, we affirm.

We briefly summarize the relevant facts and procedural history.  In May 2020, Alford was doing yard work at a friend's house.  *See* N.T., 5/10/21, at 23, 65, 85-90.  His brother, Carl Alford ("Carl"), came by, and they had an altercation during which, Alford later claimed, Carl displayed a gun.  *See id*. at 108.  Alford testified after he and Carl exchanged threats, Alford then headed home and retrieved a pistol he bought in Virginia in 2019, despite his prior disqualifying convictions involving guns, drugs, and aggravated assault.

_____

[1] *See* 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).

*See id*. at 142-45, 164-65, 178-81, 186.[2] Later that day, armed with the pistol, Alford went back to his friend's home where his girlfriend joined him. *See id*. at 85-90. Carl returned, and he and Alford exchanged gunfire. *See id*. at 154, 174-75. One eyewitness testified she saw Alford lift his shirt and pull the pistol from his waistband before shooting at Carl. *See id*. at 85-87.

The Commonwealth charged Alford with persons not to possess firearms, firearms not to be carried without a license, and discharge of a firearm into an occupied structure. The Commonwealth did not charge Alford with any offenses concerning the use of force against Carl.

Alford's counsel asserted at trial that Alford was justified in retrieving his firearm after Carl's prior threats and he acted in self-defense. *See* N.T., 5/11/21, at 9, 12. The Commonwealth conceded Carl had instigated the shooting but maintained, *inter alia*, it had proved Alford was disqualified from possessing firearms and had carried the firearm in his car and concealed it on his person before the shooting. *See id*. at 23-26. The Commonwealth also noted Alford brought his firearm into Pennsylvania from Virginia in 2019 despite knowing he was prohibited from doing so. *See id*. at 26.

---

[2] At trial, the Commonwealth introduced into the record the verdict slip for Case No. 103 Criminal 1997, for which Alford was convicted of three counts of simple assault, two counts of aggravated assault, and one count of reckless endangerment. *See* N.T., 5/11/21, at 142-44. The aggravated assault in that case involved using a gun to strike a woman in the face. *See Commonwealth v. Alford*, No. 1988 Philadelphia, 1998 (Pa. Super. 1999) (memorandum opinion at 2, 9).

The jury found Alford guilty of persons not to possess firearms and carrying a firearm without a license, but not guilty of discharging a firearm into an occupied structure. ***See id***. at 82. On July 23, 2021, the trial court imposed an aggregate sentence of 156 months to 324 months' imprisonment. Alford filed post-sentence motions seeking, *inter alia*, an arrest of judgment because, as applied, the statutes prohibiting felons from possessing firearms, 18 Pa.C.S.A. § 6105, and carrying them without a license, 18 Pa.C.S.A. § 6106, are unconstitutional.

This Court affirmed Alford's convictions. ***See Commonwealth v. Alford***, 290 A.3d 681 (Pa. Super. 2022) (unpublished memorandum). On December 20, 2023, the Pennsylvania Supreme Court remanded this case for reconsideration under the standards announced in ***New York State Rifle & Pistol Association, Inc. v. Bruen***, 597 U.S. 1 (2022).

On remand, Alford presents the following issue for our review:

> 1. Whether despite having a prior felony conviction or license to carry [sic], an individual has a constitutional right under the Second Amendment of the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution to possess a firearm for self-defense purposes?

Alford's Brief on Remand ("Remand Brief") at 2 (unnecessary capitalization eliminated).

Alford's challenge implicates the constitutionality of 18 Pa.C.S.A. § 6105(a) and 18 Pa.C.S.A. § 6106, as applied to him, under the Second Amendment to the United States Constitution and Article 1, Sec. 21 of the

- 3 -

Pennsylvania Constitution. He advances one argument that presumably addresses both statutes but does not distinguish between them. Accordingly, we do not separately address them.[3]

A defendant may seek to vacate his conviction by demonstrating that a law is unconstitutional as applied when the application of a statute to him deprived him of a constitutional right. *See Commonwealth v. Brown*, 26 A.3d 485, 493 (Pa. Super. 2011). A defendant challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and

_____

[3] To support an assertion Pennsylvania law provides broader constitutional protections than federal law, litigants must,

 brief and analyze *at least the four following factors*:

   1) text of the Pennsylvania constitutional provision;

   2) history of the provision, including Pennsylvania case-law;

   3) related cases from other states;

   4) policy considerations, including unique issues of state and local concern, and applicability with modern Pennsylvania jurisprudence.

*Commonwealth v. Edmunds*, 586 A.2d 887, 895 (Pa. 1991) (emphasis added). Although Alford quotes the applicable Pennsylvania constitutional provision, he cites only one Pennsylvania case and does not brief and analyze related cases from other states, or address policy considerations, unique issues of state and local concern, or applicability with modern Pennsylvania jurisprudence. Alford has thus not demonstrated the Pennsylvania constitutional right to bear arms is broader than the right the Second Amendment enshrines. *See Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) (stating an appellate court will not formulate an appellant's arguments for him). Therefore, we decline to analyze Alford's assertion concerning Article 1, Sec. 21 of the Pennsylvania Constitution.

plainly violates the Constitution. *See Commonwealth v. McCormick*, 323 A.3d 1271, 1273 (Pa. Super. 2024). When reviewing a constitutional challenge, our standard of review is *de novo*, and our scope of review is plenary. *See Brown*, 26 A.3d at 493.

In *Commonwealth v. Farmer*, 329 A.3d 449 (Pa. Super. 2024), an appellant convicted of persons not to possess firearms asserted, as Alford does here, that section 6105 is unconstitutional as applied to him under the Second Amendment of the United States constitution. The *Farmer* Court provided the following summary of the text of the Second Amendment of the United States Constitution:

> The Second Amendment governs the people's right to keep and bear arms: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

*Farmer*, 329 A.3d at 451-52, quoting U.S. Const. amend. II.

To analyze the appellant's claim, the *Farmer* Court reviewed the United States Supreme Court's prior decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Bruen*, *supra*, and its subsequent decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *Farmer* noted *Heller* "announced a strong presumption that 'the right of the people' referenced in the Second Amendment's operative clause 'is exercised individually and belongs to all Americans.'" *Farmer*, 329 A.3d at 452, quoting *Heller*, 554 U.S. at 581. *Farmer* simultaneously recognized *Heller* "issued some qualifications as to the scope of its decision," *i.e.*, it specifically stated,

- 5 -

"[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . .." *Farmer*, 329 A.3d at 452, quoting *Heller*, 554 U.S. at 626-27.

As *Farmer* stated, the *Bruen* decision enunciated a two-part test to determine the constitutionality of laws restricting gun-possession rights: 1) whether the Second Amendment covered the conduct at issue, and 2) whether the regulation at issue was consistent with the country's historical tradition of firearms regulation. *See Farmer*, 329 A.2d at 453. *Farmer* further noted *Rahimi* stated, *inter alia*, that "[f]rom the earliest days of the common law, firearms regulations have included provisions barring people from misusing weapons to harm or menace others." *See Farmer*, 329 A.3d at 454, quoting *Rahimi*, 602 U.S. at 693. *Farmer* cited *Rahimi's* analysis of both surety laws, requiring persons to post bail if they were suspected and/or anticipated to likely misbehave (including misuse of firearms), and "going armed" laws, which prohibited people, *inter alia*, from going armed with dangerous weapons to terrify people. *See Farmer*, 329 A.3d at 454. *Farmer* found "[n]oteworthy" the lesson *Rahimi* derived from such laws: "[t]aken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another the threatening individual may be disarmed." *See Farmer*, 329 A.2d 454, quoting *Rahimi*, 602 U.S. at 698.

The *Farmer* Court then turned its attention to Section 6105, which provides:

**(a) Offense defined**.—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \* \*

**(b) Enumerated offenses**.—The following offenses shall apply to subsection (a):

\* \* \* \*

Section 3701 (relating to robbery).[4]

*See Farmer*, 329 A.3d at 455, quoting 18 Pa.C.S.A. § 6105(a)(1), (b).

*Farmer* agreed the appellant satisfied the first part of the two-part *Bruen* test. It concluded, in accordance with *Rahimi*, that Farmer, a felon, was included within "the people" entitled to protection under the Second Amendment. *See Farmer*, 329 A.3d at 455-57, citing *Rahimi*, 602 U.S. at 701-02.

*Farmer* then found section 6105 consistent with this nation's historic tradition of firearms regulation and thus constitutional as applied to the appellant. In so ruling, *Farmer* noted "going armed" laws "prohibited the use

_____

[4] Relevant to this case, the enumerated offenses include, *inter alia*, Section 2702 (relating to aggravated assault). *See* 18 Pa.C.S.A. § 6105(b).

of dangerous weapons to terrify people and imposed forfeiture of weaponry as punishment." *Farmer*, 329 A.3d at 457, citing *Rahimi*, 602 U.S. at 697. As to the appellant, the Court concluded, in the context of Farmer's conviction for possessing a firearm and his prior conviction for gunpoint robbery, "the experience of being robbed at gunpoint and/or the threat of being robbed at gunpoint by one convicted of having done so in the past is sufficient to cause terror." *See Farmer*, 329 A.3d at 457. The court accordingly rejected Farmer's as-applied challenge to the constitutionality of section 6105:

> [Section] 6105 is similar to section 922(g)(8)[5] at issue in *Rahimi*, in both how—prohibition of firearms possession—and why—Appellant, based on his criminal history, poses a threat of violence—it restricts Appellant's Second Amendment right. And this, case, as distinct from both *Rahimi* and [*Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2024)],[6] *involves a criminal conviction for a felon that involved the use of a firearm.* Given the United States Supreme Court's treatment of the "going armed" laws in the *Rahimi* opinion, we can safely conclude that our nation does indeed have a history and tradition of disarming people like Appellant. We therefore find that Appellant's constitutional challenge to Section 6105, on an applied basis, has no merit.

*Farmer*, 329 A.3d at 457 (emphasis added).

Alford asserts the Second Amendment protected his right to possess a gun in self-defense, and Section 6105 is inconsistent with the nation's

---

[5] 18 U.S.C.A. § 922(g)(8) forbids possession of a firearm by a person subject to a domestic violence order if the order includes a finding the person represents a credible threat to the physical safety of an intimate partner.

[6] This case was vacated and remanded for reconsideration, *Garland v. Range*, --- U.S. ---, 144 S.Ct. 2706 (2024).

historical tradition of firearms regulation. Concerning his criminal history, Alford asserts the record is "devoid of any evidence whatsoever that [he] demonstrated a proclivity for violence through past violent, forceful, or threatening conduct," and, as a result, he was prohibited from possessing a firearm "simply by . . . being label[ed] as a felon . . .." Alford's Remand Brief at 5-8.

Following our review, we conclude Alford's constitutional claim has no merit. Because **Farmer** decided, post-**Bruen** and post-**Rahimi**, that restricting the Second Amendment rights of a felon with a prior violent history was constitutional, we are not free to reach a contrary result. **See Commonwealth v. Davis**, 188 A.3d 454, 457 n.2 (Pa. Super. 2018) (stating under the doctrine of *stare decisis*, a panel of this Court must adhere to the precedents this Court's prior panels have handed down). Alford's prior aggravated assault involving the use of a gun, and his shooting at Carl matched or exceeded Farmer's criminal history in its potential and demonstrated his ability to cause terror under **Farmer** and **Rahimi**.

Concerning Article I, Section 21 of the Pennsylvania Constitution, Alford states Pennsylvania has always recognized the rights of citizens to bear arms in self-defense and no Pennsylvania law remotely infringed on the right to bear arms from the time of the American Revolution and for decades afterward. **See** Alford's Remand Brief at 9-11. As discussed above, Alford has not preserved a state constitutional challenge. Moreover, Alford's

assertion of self-defense is untenable. The evidence shows he drove home to retrieve a gun to continue his confrontation with Carl and was therefore not free of fault in continuing the altercation, defeating any possible assertion of self-defense. Thus, Alford has not demonstrated section 6105 and 6106 were unconstitutional as applied to him.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2025